## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**YOLANDA ALDANA, LEYVIER**
**HERRERA and YOLANDA ALDANA,**

      **Plaintiffs,**

**v.**                                           **Case No: 5:18-cv-157-Oc-30PRL**

**PROGRESSIVE AMERICAN**
**INSURANCE COMPANY**

      **Defendant.**

_____

## ORDER

    Plaintiffs in this bad-faith insurance contract claim have filed a motion to compel better responses to interrogatories and requests for production. (Doc. 29). Defendant, Progressive American Insurance Co., has responded to the motion. (Doc. 30). After a review, Plaintiffs' motion is due to be granted in part and denied in part.

## I.    BACKGROUND

    This action arises out of the disputed handling of insurance claims made by Plaintiffs against Progressive's insured, Nathan Pyles. Mr. Pyles rear-ended Plaintiffs while they were stopped at a traffic light, pushing their car into a minivan in front of them driven by Jaron Ang. Plaintiffs suffered permanent injuries as a result of the accident and sued Mr. Pyles. Ultimately, Plaintiff prevailed in their suit against Mr. Pyles and obtained a jury verdict in the amount of $51 million. (Doc. 1, Exh B).

    Mr. Pyles then assigned his bad-faith claim against Progressive to Plaintiffs. (Doc. 1, Exh C). Plaintiffs allege that Progressive owed a duty to Mr. Pyles to minimize his liability for the

crash, which they breached by failing to make a timely offer of settlement and instead insisting on global settlement for all parties involved in the accident.

Plaintiffs have filed this motion to compel Defendant to provide better responses as to when Progressive informed Mr. Pyles of Mr. Ang's request to settle and whether Progressive advised Mr. Pyles to use personal funds to settle the claims. In addition, they seek claims files for other claims handled by Kathy Wallace, a Progressive employee who Plaintiffs allege principally handled Mr. Pyles's claim.

## II.  LEGAL STANDARD

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401).

## III.  DISCUSSION

Plaintiffs move to compel additional responses to interrogatories 4–7 and requests for production 1–3, 8, and 9.

### A.  Interrogatories

For interrogatories 4 and 5, Plaintiffs seek information about whether, and when, Progressive informed Mr. Pyles or his wife about Mr. Ang's request to settle the case. Interrogatories 6 and 7 ask whether Progressive ever advised the Pyles to contribute personal funds to settle Mr. Ang's claim. Progressive argues these interrogatories are not relevant because "Plaintiffs have not alleged that Progressive failed to communicate with its insured parties." Plaintiffs respond that Progressive has a duty under Florida law to facilitate settlement by communicating with its insured, which goes to the core of its bad-faith claim.

Under Florida law, an insurer's good-faith duty "obligates the insurer to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid same." *Macola v. Gov't Emp. Ins. Co.*, 953 So. 2d 451, 455 (Fla. 2006) (quoting *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d 783, 785 (Fla. 1980)). Accordingly, Progressive's attempts to communicate settlement offers with its insured (or lack thereof) appear relevant to the question of whether Progressive breached its duty. *See, e.g.*, *Anderson v. Gov't Emp. Ins. Co.*, No. 3:12-cv-32, 2014 WL 12616960, at *3 (M.D. May 8, 2014) (overruling relevancy objections and noting that information regarding the handling of claims "is relevant to the issue of whether [the insurer] considered [the insured's] best interest"). Likewise, whether Progressive advised its insured to use personal funds to settle the claim is at least somewhat relevant to whether Progressive performed its duty to advise the Pyles on steps they may take to avoid an excess judgment.

Finally, Progressive argues that the information sought is beyond the scope of permissible discovery because Plaintiffs do not specifically allege in their complaint that Progressive failed to communicate with them. While the complaint does not use the specific phrase "failure to communicate," Plaintiffs' complaint does assert that Progressive failed to "minimize [Mr. Pyles] individual liability," failed to "timely and fully investigate the claims to determine how to best limit his liability," and failed to "utilize appropriate claim settlement practices." (Doc. 1 ¶¶39–46). As discussed, whether Progressive communicated potential settlement offers to its insured and whether it advised its insured to contribute personal funds to a settlement would appear to be relevant to these allegations. *See Macola*, 953 So. 2d at 455.[1] Thus, the motion to compel additional answers to the interrogatories is granted.

## B. Requests for Production

Next, in requests for production 1 through 3, Plaintiffs seeks claim files referenced in the performance review of Kathy Wallace, the Progressive employee who Plaintiffs maintain was the principle adjuster on Mr. Pyles's claim. (Doc. 29, p. 9–10). It appears that Plaintiffs are seeking these additional claim files because they were identified in Ms. Wallace's performance review as claims where Ms. Wallace's performance was less than entirely satisfactory.

Although personnel files of claims adjusters are generally relevant in bad-faith claims, Plaintiffs already received the entire personnel file for Ms. Wallace. *See Moss v. GEICO Indem. Co.*, No. 5:10-cv-104, 2012 WL 682450, at *4 (M.D. Fla. March 2, 2012). Plaintiffs provide no support for the proposition that they are further entitled to specific claims files for claims unrelated

---

[1] Progressive also argues that a better response is not necessary because the information "to the extent it exists" can be found within the claims file. (Doc. 30, p. 4). If such records do exist and can be found in the file or in the privilege log, Progressive's response should identify where the records of those communications can be found. If Progressive has no records of such communications, Progressive should acknowledge as much in its response.

to the current dispute. Other than cases related to the disclosure of the personnel file itself, Plaintiffs don't cite cases suggesting that unrelated files the adjuster worked on are also subject to disclosure. Nor do they show how the information contained in such files will be relevant to the claims plead here.

Likewise, as to requests 8 and 9, Plaintiffs have not shown that a list of Ms. Wallace's files that were "audited" is relevant. As discussed, the Court understands Ms. Wallace's personnel file to contain performance evaluations and reviews of Ms. Wallace's work. Plaintiffs have not shown how Ms. Wallace's work on specific claims not at issue here is relevant to their bad-faith claim alleged, nor have they cited authority to show they must be disclosed now. As such, Plaintiffs motion to compel the additional production is denied.

## IV. CONCLUSION

Accordingly, Plaintiffs' motion to compel is **GRANTED IN PART AND DENIED IN PART**. (Doc. 29). Defendant is directed to respond to interrogatories 4–7 **on or before April 12, 2019**.

**DONE** and **ORDERED** in Ocala, Florida on April 5, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties