EXHIBIT A

EXHIBIT A

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

CASE NO.: 5:18-cv-157-JSM-PRL

YOLANDA ALDANA and LEYVIER HERRERA,
her husband, YOLANDA ALDANA as mother and
natural guardian of KEVIN MARTINEZ, a minor,
as mother and natural guardian of ANTHONY
MARTINEZ, a minor, as mother and natural
guardian of ALEJANDRO ALDANA, a minor,
and as mother and natural guardian of KENNETH
HERRERA, a minor,

     *Plaintiffs,*

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

     *Defendant.*

_____/

## AFFIDAVIT OF NATHAN PYLES

STATE OF FLORIDA        )
                    ) ss:
COUNTY OF *MARION*   )

BEFORE ME, the undersigned authority, on this date personally appeared Nathan Pyles,

who after being duly sworn, deposes and states:

1.     My name is Nathan Pyles. I am over the age of eighteen and I am a resident of

the State of Florida.

2.     I have personal knowledge of the statements contained in this Affidavit and am

fully competent to make this Affidavit with regard to the above-captioned case.

3.     I was insured under Progressive automobile insurance policy number 80499298-7.

4.     On December 6, 2013, I was driving my BMW when I crashed into the back of

Mrs. Aldana's Nissan Sentra. Mrs. Aldana's car slammed into the minivan in front of her, which was driven by Mr. Ang.

5. My stepdaughter, Aubrey Heffler, was a seat belted passenger in my vehicle.

6. It was obvious that Mrs. Aldana and the four children who were passengers in her vehicle sustained serious injuries as a result of the collision.

7. At the time of the collision I was married to Alisha Pyles.

8. A few days after the collision, my former wife told Progressive that Aubrey was not injured in the accident.

9. Despite telling Progressive that Aubrey was not injured, Progressive initially offered, and continued to offer, our $500,000.00 policy limits to settle the claims of the Aldanas, Mr. Ang and Aubrey.

10. We told Progressive finally again in January 2014 that Aubrey was not injured and was not making a claim under the Policy.

11. When Progressive finally asked if they could exclude Aubrey from future offers of our policy limits we answered yes.

12. Progressive continued to offer our full policy limits to settle both the Aldanas' and Mr. Ang's claims.

13. I told Progressive from the beginning that the only people I thought were hurt in the collision were the Aldanas.

14. Before I was sued by the Aldanas, Progressive did not ask me if I would be willing to exclude Mr. Ang's claim and offer the full $500,000.00 policy limits to settle the Aldanas' claims.

15. Before I was sued by the Aldanas, Progressive did not ask me if I would be willing to pay an amount of personal funds to settle Mr. Ang's claim, leaving my full policy

2

limits for the Aldanas.

16.    Progressive did not tell me that Mr. Ang's injuries were being compensated through his Workers Compensation insurance carrier.

17.    If Progressive had told that I could exclude Mr. Ang's claim in order for it to offer my full $500,000.00 policy limits to settle the Aldanas' claims, I would have told them to do so. The Aldanas were the only ones hurt in the collision.

18.    The first time Progressive asked me if it could exclude Mr. Ang's claim and payout the full $500,000.00 policy limits to the Aldanas was on December 15, 2015, after the Aldanas filed suit against me.

19.    I told Progressive that the full $500,000.00 should be offered only to the Aldanas, knowing that this would potentially personally expose me to liability for Mr. Ang's claim.

20.    I was never sued by Mr. Ang.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Nathan Pyles

SWORN TO AND SUBSCRIBED TO BEFORE ME, the undersigned authority on this 30th day of April 2019.

_____
NOTARY PUBLIC
KELLI C. FEDERICK
xP: 5/23/2021

KELLI CAROL FEDERICK
Notary Public – State of Florida
Commission # GG 068052
My Comm. Expires May 23, 2021
Bonded through National Notary Assn.

3