EXHIBIT B

EXHIBIT B

YOLANDA ALDANA and LEYVIER HERRERA,
her husband, YOLANDA ALDANA as mother and
natural guardian of KEVIN MARTINEZ, a minor,
as mother and natural guardian of ANTHONY
MARTINEZ, a minor, as mother and natural
guardian of ALEJANDRO ALDANA, a minor,
and as mother and natural guardian of KENNETH
HERRERA, a minor,

     *Plaintiffs,*

vs.

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

     *Defendant.*

_____/

## AFFIDAVIT OF ROBERT W. BATSEL

STATE OF FLORIDA       )
                          )  ss:
COUNTY OF MARION    )

BEFORE ME, the undersigned authority, on this date personally appeared Robert W. Batsel, who after being duly sworn, deposes and states:

1.     My name is Robert W. Batsel. I am over the age of eighteen and I am a resident of the State of Florida. .

2.     I have personal knowledge of the statements contained in this Affidavit and am fully competent to make this Affidavit with regard to the above-captioned case.

3.     I represented Nathan Pyles and his former wife, Alisha Pyles, in the limited context of advising them as to personal liability for claims arising out of a December 6, 2013 automobile accident.

4. I have no record or recollection of speaking with any Progressive employee (telephonically or in person) about the value of the claims against Mr. and Mrs. Pyles.

5. I have no record or recollection of Progressive informing me of the magnitude of the Aldanas' injuries. Nor do I have a record or recollection of Progressive informing me that Mr. Ang was receiving worker's compensation benefits for his injuries.

6. I have no record or recollection of Progressive asking me whether it could exclude Mr. Ang's and Miss Heffler's claims and offer the $500,000.00 policy limits solely to settle the Aldanas' claims.

7. If Progressive had asked, I would have advised Progressive to offer the $500,000.00 policy limits solely to settle the Aldanas' claims.

8. I have no record or recollection of any communication from Progressive in July 2014 asking whether Mr. and Mrs. Pyles would like to engage in settlement negotiations with Mr. Ang's attorney or solicit a settlement offer from Mr. Ang, to be paid out of my clients' personal funds.

9. If Progressive had asked, I would have advised Progressive to solicit a settlement demand from Mr. Ang (to be paid out of my clients' personal funds) and advised Progressive to offer the $500,000.00 policy limits solely to settle the Aldanas' claims.

FURTHER AFFIANT SAYETH NAUGHT.

_____
**Robert W. Batsel**

SWORN TO AND SUBSCRIBED TO BEFORE ME, the undersigned authority on this 10th day of May 2019.



BARBARA E. ROSS
Commission # GG 148820
Expires November 7, 2021
Bonded Thru Troy Fain Insurance 800-385-7019

_____
NOTARY PUBLIC